UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:18CV-257-JHM-CHL

**FRAZIER CLARK**                                                                                                       **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY**
**DEPARTMENT OF CORRECTIONS** *et al.*                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Frazier Clark, a state inmate who is represented by counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the full filing fee. The Prison Litigation Reform Act (PLRA) of 1996 requires federal district courts "to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Thus, this matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow this action to proceed against only one of the Defendants.

### I. FACTUAL SUMMARY

Plaintiff filed the complaint on April 24, 2018 (DN 1). He filed an amended complaint on May 8, 2018 (DN 7), in accordance with Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within . . . 21 days after serving it[.]")

Plaintiff is a convicted inmate at the Kentucky State Reformatory. He sues the Commonwealth of Kentucky Department of Corrections (KDOC) and Correct Care Solutions, LLC (CCS). Plaintiff states that he suffers from Sickle Cell Anemia, which requires him "to

have a blood transfusion ever four weeks to avoid very serious side effects, including possible strokes or death." Plaintiff reports that he must receive blood transfusions at a hospital. He maintains that Defendants have "routinely failed or refused" to transport him to the hospital at scheduled four-week intervals. Plaintiff states that the delays cause serious risks to his heath, including one occasion on March 5, 2018, where his "blood levels were so low that he had a negative reaction to the infusion, resulting in stroke-like symptoms and admission to the Intensive Care Unit for ten days where he was placed on oxygen." Plaintiff also contends that Defendants have stated recently that they intend to reduce or eliminate his pain medication, which he was directed to take by the hospital.

Plaintiff maintains that he "suffers from a serious medical condition of which he has made Defendants aware"; that "Defendants have been deliberately indifferent to the risk of harm to [Plaintiff], employing a custom or policy of intentionally denying him proper medical care until he has suffered to the point of nearly dying"; and that "Defendants' actions constituted cruel and inhuman punishment in violation of the Eighth Amendment to the United States Constitution."

As relief, Plaintiff seeks compensatory and punitive damages, costs and attorneys' fees, and other relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. Ann. § 12.250. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.

1994).  Because the KDOC is not a "person" under § 1983, Plaintiff fails to state a cognizable claim against it.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the KDOC.  A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Therefore, Plaintiff's action against the KDOC will be dismissed for failure to state a claim upon which relief can be granted and for seeking relief from a defendant who is immune from such relief.

Upon review, the Court will allow the action to proceed against CCS.  In so doing, the Court passes no judgment on the ultimate merit or outcome of this case.

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against KDOC is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

Because no claims remain against KDOC, the Clerk of Court is **DIRECTED** to terminate it as a party to this action.

**IT IS ORDERED** that Defendants' motions requesting screening pursuant to the PLRA (DNs 8 and 11) are **DENIED as moot**.

**Defendant CCS shall file its answer within 14 days of the entry of this Memorandum Opinion and Order**.

Date: June 25, 2018

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Counsel of record
Magistrate Judge Lindsay
4414.010